```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT
```

WILLIAM B. WEEKS, M.D.,                    :
                                           :
         Plaintiff,                        :
                                           :
    v.                                     :
                                           :
HEATHER ROSS, ESQ., SEAN SMITH,            :   Case No. 1:09-CV-91
MICHAEL J. KUSSMAN, M.D., ERIC             :
K. SHINSEKI, U.S. DEPARTMENT OF            :
JUSTICE, and VETERANS ADMINISTRATION       :
OFFICE OF INSPECTOR GENERAL,               :
                                           :
         Defendants.                       :
_____    :

## RULING ON MOTION FOR STAY
(Paper 4)

I.  Introduction

Dr. William Weeks brings this civil action against Defendants Heather Ross, Esq., Sean Smith, Michael Kussman, M.D., Eric Shinseki, the Department of Justice, and the Veterans Administration Office of Inspector General. (Paper 1.) Dr. Weeks alleges breach of privacy, violation of due process, illegal search and seizure, defamation, tortious interference with economic relations, and intentional infliction of emotional distress. Id. One month after this action was filed, the government initiated a criminal action against Dr. Weeks. See Dkt. No. 09-cr-51 (D. Vt.). Defendants move to stay this action during the pendency of the criminal case. (Paper 4.) Dr. Weeks opposes Defendants' motion. (Paper 15.) For the following reasons, Defendants' motion is denied.

1

II. Background

On April 9, 2009, Dr. Weeks filed this seven-count action alleging the search of his Department of Veterans Affairs (VA) office and seizure of computer files and documents was illegal (Paper 1 at 14-15 (Count I)), and Defendants engaged in an improper campaign to deprive him of the Rural Health Resource Center-Eastern Region directorship, id. at 15-24 (Counts II-VII). On May 8, 2009, the government filed an information and a civil complaint against Dr. Weeks. See Dkt. Nos. 1:09-cr-51, 1:09-cv-122 (D. Vt.). The criminal information charges five misdemeanor counts of violating federal conflict of interest laws, 18 U.S.C. §§ 208(a), 216(a)(1), arising from Dr. Weeks' participation in five contracts between the VA and the Trustees of Dartmouth College (Dartmouth) in which he allegedly had a financial interest or an imputed financial interest. Paper 1, Dkt. No. 09-cr-51 (May 8, 2009). The civil complaint is not at issue here.

III. Discussion

Federal courts have discretionary authority to stay all or part of a civil proceeding pending the completion of a parallel criminal prosecution. Motorola, Inc. v. Abeckaser, No. 07-CV-3963, 2009 WL 816343, at *1 (E.D.N.Y. Mar. 26, 2009) (citing United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). Staying a civil case is an extraordinary remedy. Jackson v. Johnson, 985 F. Supp. 422, 424 (S.D.N.Y. 1997). The party moving for a

stay -- in this case, Defendants -- "bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 708 (1997).

To determine whether a stay of a civil case pending the outcome of a related criminal case is warranted, courts consider such factors as:  "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case . . . ; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant[]; (5) the interest[] of the court[]; and (6) the public interest." Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (internal citations omitted).  "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."  Id. (internal quotation and citation omitted).  The basic goal in deciding whether to issue a stay is to avoid prejudice.  Bardin v. Potter, No. 2:07-CV-212, 2008 WL 794464, at *2 (D. Vt. Mar. 24, 2008) (internal citation omitted).

Here, the civil case plaintiff is the criminal case defendant.  Dr. Weeks opposes Defendants effort to stay this case while the government prosecutes him in the separate criminal

3

action.  Dr. Weeks seeks prompt litigation of his claims and argues only one of the counts in his civil complaint "even potentially overlaps" with the criminal case.  (Paper 15 at 7.) Defendants move to stay this action until the completion of the criminal case arguing "the interests of justice" require a stay because of the "substantial overlap of issues in the two cases, the conflicting discovery requirements of the proceedings, the public's interest in effective criminal law enforcement and judicial economy."  (Paper 4 at 1-2.)

    A.    <u>Counts II-VII</u>

The civil complaint alleges multiple claims, only one of which bears any possible direct relation to the criminal case. Count I is discussed in more detail below.  The remaining claims, in Counts II-VII, center on allegations Defendants engaged in an improper campaign to deprive Dr. Weeks of the Rural Health Resource Center-Eastern Region directorship and assert causes of action for illegal disclosure, violation of constitutional due process protections, defamation and invasion of privacy, intentional infliction of emotional distress, and tortious interference with economic relations.  Because these claims are not directly related to the criminal proceeding, which alleges violations of federal conflict of interest laws arising from Dr. Weeks' participation in five contracts between the VA and Dartmouth over five years ago, evidence from the criminal action

4

is not likely to affect Defendants' potential liability in this action stemming from actions over the past year.  Accordingly, the Court finds this factor to weigh in favor of denying a stay.

Courts generally stay a related civil proceeding if an indictment has been issued, but where no indictment has issued against the stay proponent, courts generally deny a stay.  This generality is based on considerations of prejudice to the defendant such as undermining a criminal defendant's Fifth Amendment privilege against self-incrimination or exposing the defense theory.  See Hicks, 268 F. Supp. 2d at 242 (internal citation omitted).  An indictment has not been issued but the government has filed an information.  See Paper 1, Dkt. No. 09-cr-51 (May 8, 2009).  Despite the information, the considerations underlying this factor are not implicated because Dr. Weeks, the criminal case defendant, is not the civil case defendant and is <u>not</u> seeking the stay.  The Court finds this factor to weigh in Dr. Weeks' favor.

The last four factors courts consider are the interests of the parties, court, and public.  Dr. Weeks, the plaintiff in this civil case, seeks to prosecute his claims against the Defendants and argues he will be prejudiced by delay in this case.  Defendants point to Dr. Weeks' delay in commencing this action until just before criminal charges were filed as evidence that he is less concerned about delay than he now professes to be.

5

(Paper 18 at 7 n.4.)  The burden, however, is on Defendants, as proponents of a stay, to show undue prejudice will result to their interests in the absence of a stay.  Defendants have not made a showing that proceeding with Counts II-VII of this civil action while the criminal action against Dr. Weeks is pending would lead to undue prejudice to their interests sufficient to persuade the Court a stay is warranted.

The public interest is best served by prompt resolution of litigation and conservation of judicial resources.  Though Defendants argue a stay "benefits the interests of judicial economy" because "many of the issues here will be disposed of in that action" (Paper 4 at 16), the Court is not persuaded Counts II-VII will be disposed of in the criminal action even presuming the government will secure a conviction.  Lastly, a court's interest is usually best served by denying motions to stay. See Hicks, 268 F. Supp. 2d at 243 (internal citation omitted). If these actions proceed consecutively, the Court and parties could be dealing with this dispute for years.  The Court has no interest in needless delay in this case.  Accordingly, the "interest" factors weigh in favor of denying a stay.

The Court declines to issue a stay of Counts II-VII.

B. <u>Count I</u>

Defendants argue under <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94 (2007), Dr. Weeks' civil action must be stayed because Count I of

his complaint, alleging an illegal search and seizure, "is directly connected" to the criminal prosecution. (Paper 4 at 9-10.)  According to Defendants, under Wallace, district courts should "consider" staying civil claims "related to rulings that will likely be made in a pending or anticipated criminal trial." Id. at 8.  The Supreme Court's concern in Wallace stemmed from Heck v. Humphrey, 512 U.S. 477 (1994), a decision in which it sought to prevent federal courts from making rulings that would "necessarily" undermine a conviction.  Heck, 512 U.S. at 487 n.7.

Dr. Weeks argues Defendants have not made a sufficient showing that a verdict in favor of Dr. Weeks on Count I would necessarily undermine a possible conviction on the misdemeanor criminal charges.  (Paper 15 at 8.)  The parties disagree as to the import of the government's recent disclosure under Federal Rule of Criminal Procedure 16 in the criminal case:  Dr. Weeks argues the government's disclosure "makes clear the Government's position that the illegal search and seizure claim in [Count I of his complaint] will not be the subject of a ruling in the criminal proceeding" (Paper 19 at 1); Defendants argue the disclosure has no bearing on whether the search and seizure that is the subject of Count I in the civil action will also be the subject of a motion to suppress or other rulings in the criminal case (Paper 21 at 2).

Because it is not yet clear that the search and seizure at the heart of Count I will be the subject of a ruling that would "necessarily" undermine a conviction, the Court declines to issue a stay of Count I.  See Langdell v. Marcoux, No. 2:08-CV-161, 2009 WL 890121, at *3-4 (D. Vt. Mar. 30, 2009) (refusing to stay a civil action because whether the action would impact -- let alone "necessarily undermine" -- the criminal case was unclear).

IV. Conclusion

For the reasons set forth above, the Court is not persuaded to invoke the extraordinary remedy of a stay.  Defendants are free to move for a protective order in the event compliance with particular discovery requests in this case will cause undue prejudice to their interests, or that a ruling in the civil action would "necessarily" undermine a conviction, in the criminal action.

Defendants' Motion to Stay this case (Paper 4) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 31st day of July, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge